PER CURIAM.
This is an appeal by the defendants below from three interlocutory orders entered in an equity suit. The complaint, filed by Sidney W. Langer, alleged transfer of 25,000 shares of stock of City Gas Company of Florida by gift from the plaintiff to his wife upon her promise to him that she would bequeath the stock to their sons; that she subsequently acquired an additional 1,000 shares as a stock dividend; and that the wife by her will left the sons only sixty percentum of the stock and bequeathed forty percentum thereof to her four sisters.
*408 The surviving husband filed this suit against the two sons in their capacity as executors of the decedent wife’s estate, and against the four sisters of the decedent. By his suit the husband, in his individual capacity, claimed that the part of the stock which, contrary to the contract, his wife had bequeathed to her sisters, should be impressed with a trust in his favor, and that the defendants (the executors and said four legatees) should be required to transfer such stock to him.
The defendants answered admitting the gift of the stock to the decedent, but denying the alleged contract and denying the alleged breach thereof by the decedent. As an affirmative defense the defendants pleaded failure of the plaintiff to file a claim in the estate within the time allowed by law. The chancellor granted plaintiff’s motion to strike that affirmative defense. The defendants submitted a proposed additional affirmative defense and sought leave to so amend their answer, averring the agreement was oral and claiming the benefit of § 731.051, Fla.Stat., F.S.A., as rendering the alleged oral contract not binding or enforceable.[1] The chancellor denied that motion of defendants for leave to amend the answer. Defendants also moved for summary judgment, and an order was entered denying that motion. The defendants have appealed those orders.
The affirmative defenses referred to above were entitled to be pleaded, and it was error to exclude them. This holding is-not to be construed as a ruling by this court on the merits of those defenses in this case.. Whether failure of the plaintiff to file a claim in the estate, if proved, will bar his claim, will depend upon whether under the-facts and the law it is made to appear that, the plaintiff has asserted a claim against the estate requiring such notice. And whether the statute, which provides that oral contracts to bequeath property are not binding or enforceable, shall operate to bar-recovery by plaintiff will depend on a determination of whether, on the one hand, plaintiff’s claim is founded upon the oral contract as alleged and represents an attempt of the plaintiff to enforce rights under the oral contract, or on the other hand that his claim is independent of the contract. Those-matters are primarily for determination by-the chancellor.
The denial of defendants’ motion for summary judgment was not error. In addition to the affirmative defenses pleaded, the answer raised issues going to the existence of the contract and as to the alleged breach thereof.
For the reasons stated the orders striking the affirmative defense of failure to file claim and denying leave to file the proffered affirmative defense raising the statute, § 731.051, Fla.Stat., F.S.A. are reversed. The order denying defendants’ motion for summary judgment is affirmed.
Affirmed in part and reversed in part.

. § 731.051 Fla.Stat., F.S.A. (Ch. 57-148), provides:
“(1) No agreement to make a will of real or personal property or to give a legacy or make a devise shall be binding or enforceable unless such agreement is in writing signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
“(2) This section shall apply to agreements made on, after or prior to January 1, 1958.”